**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1530**

FRANK L. JOHNSON,

        Plaintiff - Appellant,

    v.

BUILDERS FIRSTSOURCE SOUTHEAST GROUP, LLC,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:21-cv-02612-SAL)

Submitted:  November 20, 2024               Decided:  January 14, 2025

Before WYNN and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Ryan K. Hicks, CROMER BABB PORTER & HICKS, LLC, Columbia, South Carolina, for Appellant.  D. Christopher Lauderdale, Laura A. Ahrens, JACKSON LEWIS P.C., Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank L. Johnson appeals from the district court's order denying his motion to alter or amend the court's prior order and judgment adopting the recommendation of the magistrate judge with a modification and granting summary judgment to Defendant Builders FirstSource Southeast Group, LLC (BFS) in his civil action. Johnson argues that the district court erred in retaining jurisdiction over his claim under South Carolina state law for defamation after granting summary judgment to BFS on his claim for discrimination under Title VII of the Civil Rights Act of 1964, erred in relying on the declaration of BFS employee Sharlene Herbert, and erred in granting summary judgment to BFS on his defamation claim. We affirm.

A district court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The court "has wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (internal quotation marks omitted). "The doctrine of supplemental jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (internal quotation marks omitted). In deciding whether to retain jurisdiction, a district court is to "consider the convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity,

2

and considerations of judicial economy." *Henderson*, 102 F.4th at 251 (internal quotation marks omitted).

Here, the district court acknowledged the factors it was required to consider in deciding whether to retain jurisdiction over the defamation claim, determined that the claim did not implicate concerns of comity or issues of federal policy, and determined that convenience and fairness to the parties and considerations of judicial economy warranted that it exercise its discretion and retain jurisdiction over the claim. We discern no abuse of discretion by the district court and reject as without merit Johnson's appellate arguments challenging these determinations.

Johnson also contends that the district court erred in relying on Herbert's declaration because it was undated and thus did not satisfy the requirements of 28 U.S.C. § 1746. We reject this contention because the predicate undergirding it is not established. It is true that Herbert's initial declaration appended to BFS' motion for summary judgment was not dated. But, before granting summary judgment to BFS on Herbert's defamation claim, the district court granted its motion for leave to file an addendum to Herbert's declaration in which Herbert stated—under penalty of perjury in a signed and dated declaration—the date on which she had signed her initial declaration and that this statement was true and correct to the best of her knowledge. Thus, the modified declaration the district court in fact considered in adjudicating BFS' summary judgment motion was, contrary to Johnson's argument, dated. In his opening brief, Johnson proffers no argument challenging the propriety of the district court's ruling granting BFS' motion for leave to file an addendum, and, although he argues for the first time in his reply brief that it was error for the court to

3

have allowed the addendum, we deem this argument waived. *United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021).

Finally, Johnson challenges the district court's grant of summary judgment to BFS on his defamation claim. We discern no reversible error by the district court. *See Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021) (noting parameters of review).

In South Carolina, "[a] person makes a defamatory statement if the statement tends to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him." *Fountain v. First Reliance Bank*, 730 S.E.2d 305, 309 (S.C. 2012) (internal quotation marks omitted). The tort of defamation thus permits "a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff." *Erickson v. Jones St. Publishers, LLC*, 629 S.E.2d 653, 664 (S.C. 2006). "Defamatory communications take two forms: libel and slander. Slander is a spoken defamation while libel is a written defamation or one accomplished by actions or conduct." *Id.* To prevail on a defamation claim, a plaintiff must prove: "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Fountain*, 730 S.E.2d at 309 (internal quotation marks omitted). Johnson based his defamation claim on the facts that he received a written disciplinary warning and had his employment with BFS terminated for actions he claims he did not take. The district court determined that no false statements were published and rejected Johnson's effort suggesting he was defamed by insinuation. Johnson's appellate

4

arguments challenging these determinations are without merit, and we therefore reject them.

Accordingly, we affirm the district court's orders and judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*